IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02736-SKC-KAS

MAO, INC.,

Plaintiff,

v.

AMERISTAR CASINO BLACK HAWK, LLC,

Defendant.

---

**ORDER**

---

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on **Defendant Ameristar Casino Black Hawk, LLC's Emergency Motion for Alternative Service of Third-Party Subpoena** [#128] (the "Motion"). The Motion [#128] seeks the Court's authorization to serve two subpoenas to a third-party, Myers & Associates, PLLC ("Myers"), (1) by certified mail, return receipt requested, and (2) by e-mail to the third-party's verified email address. *Id*. at 1.

## I. Background

There is no need for the Court to restate the facts leading to Plaintiff filing this civil action. In its current Motion, pursuant to Federal Rule of Civil Procedure 45, Defendant seeks leave of court to effectuate service of two third-party subpoenas to Plaintiff's accountant, Myers & Associates, PLLC; a Subpoena to Produce Documents ("Subpoena to Produce") and a Subpoena to Testify at a Deposition ("Subpoena to Testify"). *Id.* at 2. Defendant maintains these subpoenas as critical to its case because Myers prepared documents for use in this litigation both in September 2024 and in July 2026. *Id.* at 3.

Defendant initially attempted to effectuate service on Myers through Plaintiff's counsel on August 5, 2026, asking if Plaintiff's counsel was authorized to accept service on Myers' behalf. *Def.'s Ex. 6*, *Emails Between Pl. & Def.* [#128-6] at 4-5.[1] Plaintiff's counsel responded on August 7, 2026, stating he would have an answer by the following Wednesday, August 12, 2026. *Id.* at 4. On Thursday, August 13, 2026, Defendant informed Plaintiff that, having not received an answer, it would proceed with service of the subpoenas. *Id.* at 3. That same day, Plaintiff's counsel responded that he would respond no later than the following Monday morning; Defendant's counsel, in turn, responded by stating that he would proceed with service if he did not hear back by the end of the day. *Id.* at 2-3. The following day, Friday August 14, 2026, Defendant's counsel sent Plaintiff's counsel attachments of the subpoenas he intended to serve on Myers. *Id.* at 2.

Defendant then proceeded to attempt formal service of Myers at three Mississippi addresses, (1) Myers' registered business address, (2) an address listed on Myers' letterhead, and (3) a second address listed on Myers' letterhead. *Motion* [#128] at 5-6. Defendant states that multiple attempts at all three addresses failed, specifically noting that the registered business address was within a walled condominium complex that barred process servers from entering. *Id.* at 6. In the declaration supporting the Motion, Defendant's counsel, Noah Robbins, stated that "[i]n [his] professional judgment, further attempts to personally serve the subpoenas at the gated condominium address would be futile given the physical barriers to access." *Def.'s Ex. 1*, *Robbins Decl,* [#128-1] ¶ 21.

[1] Page number citations refer to the numbers stamped at the top of each page by the electronic docketing system.

## II. Legal Standard

Rule 45(b)(1) provides that service of a subpoena "requires delivering a copy to the named person[.]" FED. R. CIV. P. 45(b)(1). Many courts strictly interpret this language, recognizing that Rule 45 requires personal service. *See Windsor v. Martindale*, 175 F.R.D. 665, 669 (D. Colo. 1997) (collecting cases both supporting and opposing a personal service requirement); *see also Bank of Okla., N.A. v. Arnold*, No. 06-CV-543-GKF-PJC, 2008 WL 482860, at *3 (N.D. Okla. Feb. 20, 2008) ("[T]he Court declines the government' s invitation to interpret Rule 45(b)(1) so broadly as to allow service of a subpoena by email or facsimile[.]"). One could therefore conclude that "[a] subpoena under Rule 45 is not properly served by email[.]" *S.E.C. v. Art Intellect, Inc.*, No. 2:11-cv-00357-TC-DN, 2012 WL 776244 (D. Utah. Mar. 7, 2012).

However, courts in this District "have determined that personal service is not required under Rule 45 in every case." *Castle v. Nolan*, No. 20-cv-02481-DDD-GPG, 2021 WL 12298816, at *5 (D. Colo. Dec. 3, 2021). Ultimately, there is "no binding precedent in the Tenth Circuit favoring either position." *E.A. Renfroe & Co. v. Moran*, No. 08-cv-00733-REB-MJW, 2008 WL 1806200, at *4 (D. Colo. Apr. 21, 2008). Further, "'[i]n recent years a growing number of cases have departed from the view that personal service is required and alternatively have found service of a subpoena under Rule 45 proper absent personal service.'" *Est. of Angelo v. Bd. of Cnty. Comm'rs*, No. 23-cv-01607-CNS-STV, 2026 WL 1265385, at *1 (D. Colo. May 7, 2026) (quoting 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §2454 (3d ed. updated Apr. 2021)). "In those cases where Colorado courts have deemed substitute

service of a subpoena permissible under the rule, the determination has been driven by the specific facts of each case." *Id.* at *2.

In many cases, alternative service has been allowed. *See Williams v. Lowe's Cos.,* No. 17-cv-02564-MEH, 2019 WL 13473875, at *2 (D. Colo. Nov. 7, 2019) (deciding that a movant employed due diligence in attempting to effectuate personal service and allowing alternative service "to facilitate the just, speedy, and inexpensive resolution of [a] matter, which [was] scheduled for trial"); *see also Origins Tech, Inc. v. Oak Equity Holdings II, LLC*, No. 2:23-cv-00326, 2025 WL 2652482, at *3 (D. Utah Sept. 16, 2025) (allowing alternative service after the moving party showed "unsuccessful, but diligent, efforts at personal service, and show[ed] the alternative method [was] reasonably calculated to provide the nonparty with notice."); *see also Renfroe*, 2008 WL 1815535, at *6 (finding that that service of a subpoena by mail satisfied the delivery requirement of Rule 45 because the service "accomplished the goal of actual receipt of the subpoena by the witness.")

**III. Analysis**

Defendant proposes two alternative means of service: (1) emailing the subpoenas to a business email address that Defendant has identified as belonging to Myers and (2) sending the subpoenas by certified mail to all three previously mentioned addresses. The record demonstrates that Defendant has exercised due diligence in attempting personal service by not only first attempting to determine whether service could be accepted by Plaintiff's counsel, but then also proceeding to attempt hand-to-hand personal service at the third-party's registered place of business as well as at two other possible addresses.

Further, the Court finds that the Defendant is likely to be correct in its argument that further attempts at personal service would be futile. As stated by the Defendant, "no number of additional attempts will overcome . . . physical barriers" created by a walled condominium complex that bars process servers from entering. *Motion* [#128] at 8. Admittedly, Defendant does not provide details regarding why attempts at the other two addresses failed. However, it would be counter-intuitive to punish the Defendant for having committed extra time and resources to attempting personal service at locations other than the third-party's registered business address.

Based on these factors, the Court finds Defendant should be permitted to use alternative means of serving its subpoena on Myers.

Lastly, the proposed methods of service must comply with notions of due process, namely, they must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.,* 339 U.S. 306, 314 (1950). Therefore, the Court must now determine whether Defendant's proposed alternative means satisfy due process by being reasonably calculated to result in Myers' receipt of the subpoena.

Courts have approved both email and certified mail as alternative forms of service under Rule 45. *See*, *e.g.*, *Amann v. Off. of Utah Att'y Gen.*, No. 2:18-cv-00341-JNP-DAO, 2021 WL 4949032, at *2 (D. Utah Oct. 25, 2021) (permitting email service of subpoena after unsuccessful attempts to personally serve party); *Fed. Trade Comm'n v. Zurixx, LLC*, No. 2:19-cv-00713-DAK-DAO, 2020 WL 9255400, at *2 (D. Utah Dec. 21, 2020) (approving email service to an address identified by the target and in initial disclosures

"three times per week for two consecutive weeks, not more often than once every other day (unless a written response is received . . . acknowledging receipt of service)," "[m]ailing the subpoena via certified mail to . . . [the target' s residential] address," and "[h]and delivering the subpoena [to that residential address]"); *BNSF Ry. Co. v. Alere, Inc.*, No. 18-cv-291-BEN-WVG, 2018 WL 2267144, at *5-6 (S.D. Cal. May 17, 2018) (permitting service of a subpoena by certified mail).

Here, the Court finds that Defendant's proposed methods of alternative service are reasonably calculated to result in Myers' receipt of the subpoena. First, Defendant seeks to serve the subpoena by email to an email address used by Paula Myers in her communication with Plaintiff in her CPA practice's work during this litigation. *Motion* [#128] at 9. Given that Myers used a particular email address to engage in communications that have been produced in this case, she likely still has access to that email address. Therefore, service of the subpoena to that email address is reasonably calculated to result in Myers' receipt. *See Zurixx,* 2020 WL 9255400, at *1- 2 (approving email service to an address identified by the target of the subpoena and in initial disclosures).

Second, Defendant seeks to serve the subpoena by certified mail to not only Myers' registered business address, which they also believe to be her residence, but also to two additional addresses listed on Myers' letterhead. *Motion* [#128] at 9. The Court finds that service of the subpoena by certified mail to all three addresses is reasonably calculated to result in Myers' receipt of it.

**IV. Conclusion**

For the foregoing reasons,

IT IS **ORDERED** that the Motion [#128] is **GRANTED**.

IT IS FURTHER **ORDERED** that the subpoena may be served upon Myers & Associates, PLLC by completing the following steps:

- Emailing the subpoena to the email address obtained in discovery three times per week for two consecutive weeks, not more often than once every other day until either the two-week period elapses or Myers acknowledges receipt of service, whichever occurs first; and
- Mailing the subpoena via certified mail to the registered business address and to two the additional addresses listed on Myers' letterhead.

IT IS FURTHER **ORDERED** that a copy of this Order shall be served with the subpoena. Service shall be effective upon completion of the foregoing steps.

Dated: September 3, 2026

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge